IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-44,526-03






EX PARTE GAYLAND BRADFORD









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
AND MOTION FOR STAY OF EXECUTION FROM CAUSE NO. W89-76496-R(C) IN THE 265TH JUDICIAL DISTRICT COURT

DALLAS COUNTY




 Per Curiam. Keller, P.J., not participating. Price and Holcomb, JJ., would
remand.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for a
stay of execution.

 Applicant was initially convicted of capital murder in January 1990 and sentenced
to death. This Court reversed the case on direct appeal. Bradford v. State, 873 S.W.2d 15
(Tex. Crim. App. 1993). In May 1995, applicant was re-tried and was again convicted of
capital murder. The jury answered the special issues submitted pursuant to Texas Code of
Criminal Procedure Article 37.0711, and the trial court, accordingly, set applicant's
punishment at death. This Court affirmed applicant's conviction and sentence on direct
appeal. Bradford v. State, No. AP-72,163 (Tex. Crim. App. Feb. 17, 1999)(not
designated for publication). 

 In June 1999, applicant filed in the trial court his initial post-conviction application
for writ of habeas corpus. This Court denied applicant relief. Ex parte Bradford, No.
WR-44,526-01 (Tex Crim. App. Mar. 8, 2000)(not designated for publication). In
January 2003 applicant filed his first subsequent habeas application in which he raised a
claim that he was mentally retarded. After remanding the case for the trial court to
develop the claim, this Court denied applicant relief. Ex parte Bradford, No. WR-44,526-02 (Tex Crim. App. Sept. 15, 2004)(not designated for publication). Applicant filed this
his second subsequent habeas application in the trial court on October 4, 2010. 

 Applicant presents two allegations in his application in which he asserts that his
trial attorneys were ineffective in preparing witnesses and in investigating and presenting
evidence at the punishment phase of his trial. We have reviewed the application and find
that applicant's claims fail to meet the dictates of Article 11.071, § 5. Accordingly, we
dismiss his application and deny his motion to stay his execution. 

 IT IS SO ORDERED THIS THE 11th DAY OF OCTOBER, 2010.

Do not publish